IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST C. WOODS,  )<br>  )<br>    Plaintiff,  )<br>  )<br>    v.  )<br>  )<br>KEVIN CHAPPELL, et al.,  )<br>  )<br>    Defendants.  )<br>_____  ) | No. C 15-1291 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ON PENDING MOTIONS**<br><br>(Dkt. No. 4) |

## INTRODUCTION

Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* in a separate order. The Complaint is now reviewed pursuant to 28 U.S.C. § 1915A, and it is dismissed with leave to amend within thirty days.

## DISCUSSION

I.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

II.    Discussion

The complaint contains a number of improperly joined claims.  Federal Rule 20 provides:

> All persons. . .may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a).

The federal rules on joinder are straightforward.  "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative

2

claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at 20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.*

Plaintiff names 29 Defendants, including different state and federal government agencies, namely the United States Veterans Administrations, the California Department of Corrections and Rehabilitation, and the California Board of Parole Hearings. His complaint, which runs more than thirty pages with hundreds of pages of unlabeled and un-cited exhibits, sets forth a narrative that appears to catalogue every incident he finds objectionable over a three-year period. For example, he alleges that parole officials wrongfully denied parole, prison officials have not properly processed his administrative appeals, that a number of prison disciplinary violations were unfounded, he has not received adequate religious meals in prison, he did not timely receive medication and on another different medication was confiscated, he did not receive adequate phone calls with his attorney, a psychologist made a false report about his mental state, parole officials used improper procedures at his parole hearings, prison dental care was inadequate, federal officials have not sent his veteran benefits to his parents, a prison

3

official used excessive force against him, he was placed in segregation in retaliation for filing inmate grievances, prison officials have denied him a surgery he needs, the law library at his prison was inadequate, prison officials improperly interfered with his mail, officials properly process his administrative appeals, contraband was "planted" on him, and disciplinary proceedings were conducted improperly. He does not list his claims, but rather, in the course of his narrative he asserts a wide variety of constitutional violations arising from these unrelated incidents and involving different state and federal officials.

As alleged, his claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Rule 20(a) does not allow a plaintiff to assert a grab-bag of unrelated claims against different defendants. This is precisely what Plaintiff has done. Accordingly, the Court finds the claims and defendants improperly joined.

Although a Court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court will dismiss the complaint with leave to file an amended complaint. *See* Fed. R. Civ. P. 21. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Claims that do not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions. The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not, then this action will be dismissed.

In his amended complaint, Plaintiff may only include Defendants who were involved in the incidents that give rise to the properly joined claims he chooses to present. Moreover, the amended complaint must allege how each Defendant violated his

4

constitutional rights by alleging the actions or inactions the Defendant took that proximately caused the claimed constitutional violation. Plaintiff may not, as he has done in the Complaint, simply list a large number of Defendants and in conclusory fashion claim that they collectively violated his constitutional rights.

Plaintiff will not be given another opportunity to cure these deficiencies after the amended complaint ordered below; if the deficiencies are not cured in the amended complaint, this case will be dismissed.

B. <u>Motions</u>

Plaintiff's motion for injunctive relief is DENIED insofar as it is based upon the same unrelated and improperly joined claims and defendants described above. His motion for appointment of counsel is DENIED as there is no right to appointment of counsel in a federal civil case. The Court will, on its own initiative, refer the case for location of pro bono counsel if circumstances of the case necessitate at a future time. Plaintiff's petition for "mandamus" in which he seeks removal of the undersigned judge is DENIED because mandamus is not the proper avenue for seeking such relief, and in any event, his request is based on prior adverse rulings which are not adequate grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994) (judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion); *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal)

**CONCLUSION**

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 15-1291 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED

5

COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

3. The motions for appointment of counsel, injunctive relief, and for mandamus are DENIED (dkt. 4).

IT IS SO ORDERED.

DATED: <u>July 30, 2015</u>

_____
JEFFREY S. WHITE
United States District Judge