IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EARNEST C. WOODS, | ) | No. C 15-1291 JSW (PR) |
| | ) | |
| Plaintiff, | ) ) | **ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION;** |
| v. | ) ) ) | **GRANTING EXTENSION OF TIME; DIRECTING PRISON OFFICIALS TO SEND** |
| | ) ) | **PLAINTIFF HIS LEGAL** |
| KEVIN CHAPPELL, et al., | ) ) | **MATERIALS** |
| Defendants. | ) ) | (Dkt. No. 10) |
| _____ | ) | |

   Plaintiff, a California prisoner, has filed this pro se civil rights complaint under 42 U.S.C. § 1983. The Complaint was dismissed with leave to amend because it contained a vast number of improperly joined claims against many different Defendants. Plaintiff has filed a motion for reconsideration of that order, in which he also makes a number of other requests addressed below.

   Where the court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. Civil L.R. 7-9(b). Unless otherwise ordered by the court, no response need be filed to a motion under the Local Rule. Civil L.R. 7-9(c).

Plaintiff does not allege a material difference in fact or law from when the Court reviewed his complaint, he does not assert that new material facts or a change of law has emerged since the Order dismissing his complaint with leave to amend, nor does he contend that the Court failed to consider material facts presented to the Court in the Complaint. Rather, Plaintiff argues that all of the claims and incidents alleged in the complaint are related because all prison officials and agents who work for or with the prison system are a "single party." That is simply not true. Plaintiff named 29 Defendants, including different state and federal government agencies such as the United States Veterans Administrations, the California Department of Corrections and Rehabilitation, and the California Board of Parole Hearings. These are not a single party. He also appears to assert that all of his claims are related because they were retaliation for his lawsuits and grievances. In the Complaint he claims that he was disciplined improperly, did not receive medication or dental care, could not contact his attorney, was denied parole, did not receive his veteran benefits from federal officials, and was denied veteran benefits, among many other substantive claims. He does not

claim that these events were simply retaliatory violations of the First Amendment, but rather he presents them as independent claims for the violation of a variety of his constitutional rights. Consequently, leave to file a motion for reconsideration is DENIED.

Plaintiff also requests an extension of time, presumably to file his amended complaint. Good cause appearing, the extension is GRANTED. On or before **November 20, 2015**, he shall file an amended complaint, in conformity with the Order dismissing his complaint with leave to amend, or face dismissal of this case.

Plaintiff also requests that the Court obtain documents from the Marin County Public Defender, and for leave to file a motion "for a federal prosecutor." The Court does not have the power to grant these requests. Plaintiff also requests recusal based on the Court's prior rulings, but such rulings are not on their own grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994). Finally, he requests that prison officials send his legal materials to him at Centinela State Prison, where he was recently transferred. Prison officials shall do so within a reasonable period of time, if they have not done so already, or show cause why not.

IT IS SO ORDERED.

DATED: October 14, 2015

JEFFREY S. WHITE
United States District Judge

3