UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS,<br>Plaintiff,<br>v.<br>KEVIN CHAPPELL, et al.,<br>Defendants. | Case No. 15-cv-01291-JSW<br><br>**ORDER DISMISSAL; DENYING PENDING MOTIONS**<br>Re: Dkt. Nos. 37, 38 |

**INTRODUCTION**

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and then dismissed because Plaintiff failed to timely amend his complaint. On appeal, the judgment was reversed because Plaintiff was not afforded sufficient opportunity to obtain a copy of his original complaint prior to dismissal, and the case was remanded to this Court for further proceedings. Plaintiff has since filed an amended complaint. The amended complaint is reviewed pursuant to 28 U.S.C. § 1915A, and it is dismissed for failure to cure the deficiencies in the original complaint.

**DISCUSSION**

I. <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. Discussion

The original complaint was dismissed because it contained a number of improperly joined claims under Rules 18 and 20 of the Federal Rules of Civil Procedure. In the order granting leave to amend, the Court advised Plaintiff of the deficiencies in the complaint and how to cure them, as follows:

> The federal rules on joinder are straightforward. "A party asserting a claim, counterclaim, cross-claim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." *Id.* at

2

20(a)(2). The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Id.* "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.*

Plaintiff names 29 Defendants, including different state and federal government agencies, namely the United States Veterans Administrations, the California Department of Corrections and Rehabilitation, and the California Board of Parole Hearings. His complaint, which runs more than thirty pages with hundreds of pages of unlabeled and un-cited exhibits, sets forth a narrative that appears to catalogue every incident he finds objectionable over a three-year period. For example, he alleges that parole officials wrongfully denied parole, prison officials have not properly processed his administrative appeals, that a number of prison disciplinary violations were unfounded, he has not received adequate religious meals in prison, he did not timely receive medication and on another different medication was confiscated, he did not receive adequate phone calls with his attorney, a psychologist made a false report about his mental state, parole officials used improper procedures at his parole hearings, prison dental care was inadequate, federal officials have not sent his veteran benefits to his parents, a prison official used excessive force against him, he was placed in segregation in retaliation for filing inmate grievances, prison officials have denied him a surgery he needs, the law library at his prison was inadequate, prison officials improperly interfered with his mail, officials properly process his administrative appeals, contraband was "planted" on him, and disciplinary proceedings were conducted improperly. He does not list his claims, but rather, in the course of his narrative he asserts a wide variety of constitutional violations arising from these unrelated incidents and involving different state and federal officials.

As alleged, his claims do not arise out of the same transaction, occurrence or series of occurrences, and do not involve a common question of law or fact. Rule 20(a) does not allow a plaintiff to assert a grab-bag of unrelated claims against different defendants. This is precisely what Plaintiff has done. Accordingly, the Court finds the claims and defendants improperly joined.

Although a Court may strike individual claims that are not properly joined, the Court cannot here determine which of the many claims Plaintiff may wish to keep and which he wants to omit. Thus, instead of dismissing certain claims and defendants, the Court will dismiss the complaint with leave to file an amended complaint. *See* Fed. R. Civ. P. 21. In his amended complaint, Plaintiff may only allege claims that (a) arise out of the same transaction, occurrence, or series of transactions or occurrences, and (b) present questions of law or fact common to all defendants named therein. Claims that do

3

> not satisfy Rule 20(a) must be alleged in separate complaints filed in separate actions. The amended complaint must comply with Federal Rule of Civil Procedure 20(a) concerning joinder of claims and defendants, and if it does not, then this action will be dismissed.
>
> . . .
>
> Plaintiff will not be given another opportunity to cure these deficiencies after the amended complaint ordered below; if the deficiencies are not cured in the amended complaint, this case will be dismissed.

The remand order of the United States Court of Appeals did not undermine, criticize or address this reasoning.

The amended complaint contains the exact same deficiencies as the original complaint. Specifically, it seeks to join numerous distinct claims against different defendants arising from unrelated incidents. His claims arise from events occurring between 2011 and 2014, and relate to such diverse matters as the denial of the right to exercise his religion, delays in his classification hearings, insufficient access to the courts, inadequate medical and dental care, an inaccurate parole report, the failure to commute or pardon his sentence, fraudulent disciplinary proceedings, retaliation for filing administrative appeals and lawsuits, confiscation of money, unreasonable cell searches, and the use of excessive force. He brings claims under the Fourteenth, Fourth, First, and Eighth Amendments, and the Administrative Procedures Act. Moreover, as with the original complaint, it cannot be discerned from the amended complaint which of these claims Plaintiff may wish to omit or to have stricken. Plaintiff was informed that the Federal Rules prohibit him from bringing a grab-bag of unrelated claims against different defendants in a single case, and he was directed to file an amended complaint that did not do so, at peril of dismissal. Plaintiff's amended complaint ignores these instructions and instead sets forth a long narrative that appears to include everything he found objectionable over the course of approximately four years. In doing so, the amended complaint repeats precisely the same joinder problems as the original complaint, and shows that Plaintiff will not follow the instructions of the Court to include only properly joined claims in this case. Accordingly, the case will be dismissed without further leave to amend because granting such leave would be futile.

4

## CONCLUSION

For the reasons discussed above, this case is DISMISSED. In view of this dismissal, the motions for appointment of counsel and for an evidentiary hearing are DENIED.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November 3, 2017

*Jeffrey S. White*

JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST CASSELL WOODS,<br><br>   Plaintiff,<br><br>v.<br><br>KEVIN CHAPPELL, et al.,<br><br>   Defendants. | Case No. 4:15-cv-01291-JSW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 3, 2017, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Earnest Cassell Woods ID: D58091
California State Prison - San Quentin
San Quentin, CA 94974

Dated: November 3, 2017

Susan Y. Soong
Clerk, United States District Court

By:_____
Ivy Lerma Galera, Deputy Clerk covering for
Jennifer Ottolini, Deputy Clerk to the
Honorable JEFFREY S. WHITE